IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RAMON MUNGIA | § | |
| VS. | § | CIVIL ACTION NO. 4:11CV194 |
| JUDGE C. HENDERSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ramon Mungia, an inmate whose address of record is the Collin County Detention Facility, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The complaint was filed on April 6, 2011. He asserted that Defendant Carrisales had represented him as an attorney but, after taking his money, filed a motion to withdraw with Defendant Judge Henderson; Defendant Perez, another attorney, allegedly assisted in filing related motions. He contends that none of the Defendants informed him as the client of the motions.

On April 11, 2011, the Clerk of this Court mailed certain documents (docket entries #5 & 6) to Plaintiff at his address of record, only to have them returned marked "Not in Custody." *See* Docket Entry #7. To date, Plaintiff has not further contacted the Court nor filed a notice of change of address. Therefore, he has failed to prosecute his case.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R.

Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

Here, Plaintiff has failed to inform the Court of his address and/or contact information in order to prosecute his case. His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate. A dismissal without prejudice is the appropriate option.

## Recommendation

It is accordingly recommended that the Plaintiff's complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 6th day of July, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE